[Cite as *State v. Pan*, 2016-Ohio-4757.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                         Court of Appeals No. S-15-023

        Appellee                                 Trial Court No. 14 CR 1109

v.

Mark H. Pan                                          **DECISION AND JUDGMENT**

        Appellant                                 Decided:  June 30, 2016

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney,
and Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

David Klucas, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a September 2, 2015 judgment of the Sandusky

County Court of Common Pleas, sentencing appellant to a five-year term of incarceration

for appellant's conviction, pursuant to a negotiated plea agreement, on one count of sexual battery, in violation of R.C. 2907.03, a felony of the third degree. The plea agreement was reached following appellant's 17-count indictment for committing various criminal sexual acts against his minor step-daughter over a five-year period of time. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Mark Pan, sets forth the following single assignment of error:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED MR. PAN TO A MAXIMUM PRISON SENTENCE.

{¶ 3} The following undisputed facts are relevant to this appeal. Commencing in 2009, appellant began regularly entering the bedroom of his minor stepdaughter late at night and committing various criminal sexual acts.

{¶ 4} Over time, the nature of appellant's criminal sexual conduct against his stepdaughter worsened. These actions began with appellant lying in bed next to the victim and touching her erogenous zones over her clothing. Over the course of time, appellant began utilizing his fingers, mouth, and penis to engage in direct sexual contact with the victim. Appellant often engaged in masturbation while committing these sexual acts against the victim. These events occurred repeatedly from 2009 until 2014.

{¶ 5} In 2014, the victim disclosed the ongoing sexual abuse to her mother. The subsequent police investigation revealed a substantial volume of criminal sexual actions.

2.

During the investigation, appellant initially denied the bulk of what had occurred. Appellant ultimately conceded to the events.

{¶ 6} On December 23, 2014, appellant was indicted on two counts of sexual battery, in violation of R.C. 2907.03, and 15 counts of gross sexual imposition, in violation of R.C. 2907.05, all charged incidents occurring at various times between 2009 and 2014. On July 8, 2015, appellant pled guilty to one count of sexual battery, in violation of R.C. 2907.03, a felony of the third degree. Pursuant to the plea agreement, the remaining 16 counts pending against appellant were dismissed. A presentence investigation was ordered by the trial court.

{¶ 7} On September 2, 2015, the trial court conducted the sentencing hearing. The victim presented her impact statement to the trial court. In addition, the trial court heard various mitigation arguments on behalf of appellant. Also, the trial court reviewed and considered the detailed presentence investigation report.

{¶ 8} At the conclusion of its review and consideration of all of the aggravating and mitigating evidence, the trial court sentenced appellant to a maximum five-year term of incarceration. In support, the trial court emphasized the importance of not demeaning the seriousness of the offense, particularly in light of the fact that the criminal conduct had occurred repeatedly over the course of five years. The trial court also noted and emphasized the relationship between the victim and appellant. The parties are step-father and step-daughter. This appeal ensued.

3.

**{¶ 9}** In the assignment of error, appellant asserts that the disputed trial court sentence is unsupported by the evidence and contrary to law. We do not concur.

**{¶ 10}** It is well-established that appellate court review of a disputed felony sentence is no longer conducted pursuant to abuse of discretion analysis. Rather, R.C. 2953.08(G)(2) governs our review of this matter. We must review the record to determine whether the disputed sentence was clearly contrary to law or clearly and convincingly based upon relevant statutory findings not supported by the record. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 21.

**{¶ 11}** First, we note that pursuant to R.C. 2929.14(A)(3)(a), the permissible maximum term of incarceration for a third degree felony, such as the conviction underlying this case, is five years. Thus, we find that the five-year term of incarceration imposed in this case falls within the permissible range and is not contrary to law. The record further shows that the trial court properly applied post-release control and considered the factors involved in this case, the victim impact testimony of the victim, and the presentence investigation report.

**{¶ 12}** The record reflects that appellant conveyed in relevant part at sentencing,

> [O]bviously, I do not -- at this time can't ask for apology -- ask for forgiveness from [victim] because I don't deserve it, for what I did, because just like she said, she entrusted me with -- as her father and I failed my -- I failed my task miserably because I'm -- was, first, supposed to protect her *

4.

* * I hold zero bitterness to her because the fault rests entirely on my shoulders.

{¶ 13} The sentencing transcript reflects that the trial court proceeded to thoroughly explain the various evidence and factors considered by it in the course of crafting the disputed sentence. The trial court emphasized in pertinent part the overriding consideration of not demeaning the seriousness of the offense given that the criminal sexual conduct occurred repeatedly over the course of five years and also noted the relationship between the victim and appellant.

{¶ 14} Given that the record reflects that the trial court focused on crafting a sentence that did not demean the seriousness of the offense, we note that it is proper and within the discretion of the sentencing court to determine the amount of weight that should be given to any of the statutory factors in any particular case. *State v. Myers*, 6th Dist. Ottawa No. OT-14-010, 2015-Ohio-915, ¶ 11.

{¶ 15} In support of this appeal, appellant states that the exact phrase, "principles and purposes of sentencing," appear nowhere in the sentencing entry. Appellant suggests, without citation to governing precedent, that this claimed omission somehow operates so as to invalidate the sentencing.

{¶ 16} Regardless, our review of the sentencing transcript reveals that the exact phrase "principles and purposes of sentencing" was stated at sentencing and is contained in the sentencing transcript. In conjunction with the above, appellant further argues that the trial court engaged in, "a sloppy analogy," at sentencing. Regardless of the relevance

5.

of subjective considerations of the referenced analogy, we note that it in no way renders the disputed sentence somehow unlawful.

{¶ 17} Returning our analysis to the governing R.C. 2953.08(G)(2) statutory considerations, we note that R.C. 2929.13(B) applies to fourth or fifth degree felony cases. This case entails a third degree felony offense and thus those statutory findings are not relevant to this case. R.C. 2929.13(D) pertains to necessary findings in cases in which a prison term is not imposed in a second-degree felony case. This case involves a third degree felony and the imposition of a prison term, thus those statutory findings are not relevant to this case.

{¶ 18} R.C. 2929.14(B)(2)(e) pertains to the sentencing of repeat violent offenders. Appellant is not a repeat violent offender and thus those statutory findings are not relevant to this case. R.C. 2929.14(C)(4) pertains to multiple convictions on multiple offenses. This case is the appeal of the conviction on a single offense and thus those statutory findings are not relevant to this case. Lastly, R.C. 2929.20(l) pertains to judicial release hearings. This case does not involve a judicial release hearing and thus it is not relevant to this case.

{¶ 19} Based upon the foregoing, we find that the disputed sentence was not clearly and convincingly based upon relevant statutory findings not supported by the record and was not otherwise clearly contrary to law. Wherefore, we find appellant's sole assignment of error not well-taken.

6.

{¶ 20} The judgment of the Sandusky County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the cost of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.